[No. 21336. Department One. December 6, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. R. L. NOAH, *Appellant*.[1]

*Wilson C. Gresham*, for appellant.
*H. A. Davis*, for respondent.

TOLMAN, J.,—Appellant was charged in justice court in one count with the offense of manufacturing moonshine whiskey with intent to sell, and in a second count

[1]Reported in 272 Pac. 729.

with the possession of a still used and intended to be used in the manufacture of such liquor. Upon conviction, he appealed to the superior court. There he filed a petition to suppress evidence in which he alleged:

"That during all times herein mentioned the said defendant was and now is in possession of Lots 3 and 4 of Sec. 2, T. 34, N. of R. 26, E. W. M., said defendant residing thereon with his family and having complete possession of said premises;"

and further set forth other facts, as will later appear, which it is contended show the search warrant under which the search and seizure were made to have been void and wholly insufficient.

The allegation quoted shows possession of the premises described to have been in the accused, and that he resided thereon with his family. Whether that is sufficient to bring the whole of the described premises within the protection of the Federal and state constitutions, we need not now decide. The bill of rights of the Federal constitution, in Art. IV, provides:

"UNREASONABLE SEARCHES PROHIBITED.—The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated; and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

And our state constitution, in § 7 of Art. I, provides:

"INVASION OF PRIVATE AFFAIRS OR HOME PROHIBITED. —No person shall be disturbed in his private affairs, or his home invaded, without authority of law."

It may well be questioned whether either of these provisions is intended to, or does, protect the owner of a field, a wood lot, or a pasture from such search, even though he be in possession, but since that ques-

tion is not raised or argued here, we leave its determination to a time when the question shall be squarely presented.

■ ■ It is urged that the search warrant was void because the application therefor was presented to the justice outside of the precinct for which he was elected, was there acted upon and the warrant was there issued. The record seems to establish these facts. It may be admitted that the issuance of a search warrant involves the exercise of judicial functions. State *ex rel. Hodge v. Gordon,* 95 Wash. 289, 163 Pac. 772. By Rem. Comp. Stat., § 48, it is provided:

"Every justice of the peace shall keep his office in the precinct for which he may be elected, and not elsewhere, but he may issue process in any place in his county."

And § 1757 provides:

"The jurisdiction of justices of the peace in all civil actions, except as provided in the preceding section, shall be coextensive with the limits of the county in which they are elected or appointed, and no other or greater, but every justice of the peace shall continue to reside and perform all the duties of his office in the precinct for which he was elected or appointed during his continuance in office."

In other words, while the jurisdiction of a justice is county wide, he must reside in his precinct and there establish a definite place for the return of process and for the appearance of those summoned, "but he may *issue process in any place in his county,"* so long as such process is made properly returnable. That a search warrant is process can hardly be doubted. 21 R. C. L. 1261, and *State ex rel. Hodge v. Gordon, supra.*

■ It is next urged that the application for the search warrant was insufficient, because it states conclusions and not the facts from which such conclusions might be drawn. The application, in part reads:

"B. H. Nickell, being first duly sworn on oath, deposes and says: That intoxicating liquor is being manufactured, kept, sold, furnished and otherwise disposed of, in violation of the laws of the state of Washington, relating to intoxicating liquors, in, upon and about the following described premises or property, located in Okanogan county, state of Washington, to-wit:

S-NW Sec. 2, Township 34, Range 26, Lots 3 and 4, and in, upon and about the premises and property used, operated and occupied in connection therewith, which premises and property is now being occupied, used and operated by Mr. and Mrs. R. L. Noah.''

In the *Hodge* case, *supra,* this question seems to have been definitely settled contrary to appellant's contention. It is there said:

"It is next contended that the 'probable cause' necessary to be shown before any warrant may issue under § 6262-11 must be stated in the complaint upon which the warrant is issued. There is no such requirement. The only requirement is that probable cause must be shown sufficient to create the belief in the mind of the judge or justice that liquor is being sold, or otherwise disposed of, contrary to law. The ascertainment of probable cause is, under this statute, a judicial function involving judicial discretion. *Toole v. State,* 170 Ala. 41, 54 South. 195; *State v. Hobbs,* 39 Me. 212. That there is 'probable cause' must be determined before the issuance of a warrant, but being determined to the satisfaction of the judge or justice, it is sufficient without its statement or formal charge in the complaint. *DeGraff v. State,* 2 Okl. Cr. 519, 103 Pac. 538; *Kniseley v. Ham,* 39 Okl. 623, 136 Pac. 427, 49 L. R. A. (N. S.) 770.

"It is next urged that a search warrant cannot be based upon a complaint made upon belief. Both the search warrant and the complaint stated all that was required to be stated. Neither one is confined to the existence of a mere belief in the mind of the complainant, but follows the language of the act in stating that the belief of the complainant is founded upon prob-

able cause for the existence of such belief. Whether or not this probable cause is sufficient to initiate legal process is to be determined by the judicial officer, and when the judicial officer is so satisfied, process may properly issue without a statement in the warrant or complaint of facts upon which such belief is founded." See, also, *State v. Voelker*, 137 Wash. 156, 242 Pac. 6, and *State v. Shaffer*, 120 Wash. 345, 207 Pac. 229.

■ The final objection to the sufficiency of the search warrant is based upon the ground that the description of the property, as therein contained, was insufficient. The warrant in that respect follows the application from which we have quoted and describes the property to be searched as:

"The said premises and property referred to, located in Okanogan county, state of Washington, are designated and described as follows, to-wit:

"S½ NW¼ Sec. 2, Township 34, Range 26, Lots 3 and 4."

The description might have been written in other ways, but we think no one could assume that "Lots 3 and 4," upon which apparently the search and seizure took place, could have been intended to describe lots in any other section, township or range than those previously designated. Under the rule laid down in *State v. Andrich*, 135 Wash. 609, 238 Pac. 638, we hold this description to be sufficient.

The only errors assigned go to the denial of the petition to suppress and the overruling, at the trial, of objections to the introduction of evidence having the same basis. Of course the search warrant being sufficient, the objections to the introduction of the evidence seized were properly overruled.

The judgment is affirmed.

FULLERTON, C. J., MITCHELL, and BEALS, JJ., concur.