[No. 32501. Department One. July 23, 1953.]

PUBLIC UTILITY DISTRICT No. 1 OF KITSAP COUNTY *et al.,*
*Plaintiffs,* v. PUGET SOUND POWER & LIGHT COMPANY,
*Defendant,* PUBLIC UTILITY DISTRICT No. 1 OF
THURSTON COUNTY *et al., Defendants*
*and Relators.*[1]

[1]Reported in 260 P. (2d) 315.

*John S. Lynch, W. J. Daly, Harvey F. Davis, Warren J. Gilbert, Parker Williams,* and *Weter, Roberts & Shefelman,* for defendants and relators.

*J. W. Bryan, Greenwood & Shiers,* and *Metzger, Blair, Gardner & Boldt,* for plaintiffs.

GRADY, C. J.—This proceeding was instituted to obtain an order prohibiting the superior court for Kitsap county from trying an action brought in that county by public utility district No. 1 of Kitsap county and C. E. Ferguson, one of its commissioners, against Puget Sound Power and Light Com-

pany, a corporation, and the public utility districts of Thurston, Jefferson, Chelan, Skagit, and Snohomish counties and their respective commissioners.

We shall refer to the districts and commissioners by their respective counties, to the corporation as Puget, to the districts and commissioners collectively as relators, and to the superior court for Kitsap county and Kitsap and Ferguson as respondents. Puget is not a party to this proceeding.

The purpose of the action out of which this proceeding arises is to enjoin relators and Puget from executing and carrying out an agreement to purchase and acquire jointly the electric utilities and properties of Puget, including the real property of Puget in Kitsap county.

Motions were made by each of the relators to quash the service of summons and complaint served upon them upon the ground that the court had not acquired jurisdiction. Relators contend that a public utility district may be sued only in the county in which it is located. No part of any of the relator districts is located in Kitsap county.

The court overruled the motions to quash the service of summons and complaint, but withheld the entry of its order to give opportunity to apply to this court for a writ of prohibition. The respondents have demurred to the application for a writ of prohibition.

Laws of 1931, chapter 1, § 6 (k), p. 18, relate to suits by and against public utility districts. The applicable part of the statute reads as follows:

"To sue and be sued in any court of competent jurisdiction; *Provided,* That all suits against the public utility district shall be brought in the county in which the public utility district is located." (As codified, RCW 54.16.110 substitutes the word "may" for the word "shall").

The question to be decided is whether the proviso to the statute relates to the jurisdiction of the court or the venue of the action.

■ Kitsap has been vested by statute with authority to bring and maintain actions in any court of competent jurisdiction. Article IV, § 6 of the Washington constitution provides that the process of any superior court shall extend to

all parts of the state. The service of summons upon the defendants in the state of Washington conferred jurisdiction of the superior court of Kitsap county over their persons. The filing of the complaint conferred jurisdiction over the subject matter of the action. RCW 4.28.010.

██ If an action is transitory, the complaint may be filed in the office of the clerk of the superior court in which the summons is filed. When service of summons and complaint has been made, the superior court acquires jurisdiction over the person and subject matter and may proceed to hear and determine the action. *State ex rel. New York Cas. Co. v. Superior Court,* 31 Wn. (2d) 834, 199 P. (2d) 581.

 The action brought by Kitsap was one *in personam* and not one *in rem.* A recognized test to determine whether an action is transitory or local is stated in 56 Am. Jur. 5, Venue, § 3:

"If the cause of action could have arisen in any place whatsoever, it is transitory, and unless there is a statute to the contrary an action thereon can be brought wherever the defendant can be found and jurisdiction over his person obtained. . . . But if the cause of action is one that in its nature can arise in one place only, the action is local and suit can be brought only where the cause of action arose."

██ "Jurisdiction" is power to hear and determine; the "venue" of an action is the place where the action is tried. In common use, the term designates the court which has jurisdiction of the action. *State ex rel. New York Cas. Co. v. Superior Court,* 31 Wn. (2d) 834, 199 P. (2d) 581; *State ex rel. Olympia Credit Bureau v. Ayer,* 9 Wn. (2d) 188, 114 P. (2d) 168.

██ Rule 1, Pleading, Practice and Procedure, 34A Wn. (2d) 68, prescribes the venue of actions and provides that an action may be brought in any county in which the defendant resides, or, if there be more than one defendant, where some one of the defendants resides at the time of the commencement of the action; also, that the residence of a corporation defendant shall be deemed to be in any county where the corporation transacts business.

█ At the time of the commencement of the action, Puget transacted business in Kitsap county. The nature of the action was such that Puget and the respective public utility districts were necessary parties. They were all properly joined as parties defendant to the action.

█ The conclusions we reach are that the proviso to the statute relates to the venue of an action, and that the demurrer to the application for a writ of prohibition must be sustained.

HILL, HAMLEY, WEAVER, and OLSON, JJ., concur.

