[No. 7756–2–I.   Division One.   June 30, 1980.]

THE STATE OF WASHINGTON, *Appellant,* v. GARY S. DAVIDSON, ET AL, *Respondents.*

*Russ Juckett, Prosecuting Attorney,* and *Linda Antonik, Deputy,* for appellant.

*Robert Wayne,* for respondents.

RINGOLD, J.—The question here is: when does a district court have jurisdiction to issue a warrant to search premises located outside the county in which the court is located?

On September 7, 1978, Judge Bill Lewis of the Seattle District Court in King County issued a search warrant for a residence located in Brier, Snohomish County, Washington. The warrant was issued upon probable cause to believe that the premises contained evidence of violations of the Uniform Controlled Substances Act, and it was executed by officers from the Seattle, Brier and Snohomish County police. Gary Davidson, Daniel Ryan, and Barbara Bowen were arrested and charged with two counts of possession of controlled substances with intent to deliver. Count 1 charged possession of marijuana in excess of 40 grams with the intent to manufacture or deliver. Count 2 charged possession of cocaine with the intent to manufacture or deliver.

Davidson alone was charged in count 2 with possession of a deadly weapon and a firearm.

The trial court suppressed the evidence on the ground that, under RCW 3.66.100,[1] a district court judge may not issue search warrants for premises located outside the judge's county unless the district court has the authority to hear the resulting case. The court found no authority for the Seattle District Court to hear the case because the affidavit for the search warrant did not allege that any crime had been committed within King County. The State appeals and we affirm.

█ The boundaries of the county ordinarily define a district court's territorial jurisdiction in criminal matters. RCW 3.66.060. For the issuance of criminal process, the legislature has expanded this jurisdiction to the entire state if the district court has the authority to hear the case. RCW 3.66.100. It is undisputed that the crimes alleged in this case occurred entirely outside King County and could not be prosecuted there. RCW 3.66.060. Without the authority to hear the matter, the Seattle District Court had no jurisdiction under RCW 3.66.100 to issue a warrant to search premises in Snohomish County.

The only other relevant statute brought to our attention is applicable to alleged violations of the Uniform Controlled Substances Act, RCW 69.50.509. It provides in part:

> If, upon the sworn complaint of any person, it shall be made to appear to any judge of the superior court, justice of the peace, *district court judge* or municipal judge that there is probable cause to believe that any controlled substance is being used, manufactured, sold, bartered, exchanged, administered, dispensed, delivered, distributed, produced, possessed, given away, furnished or otherwise disposed of or kept in violation of the provisions of this chapter, such justice of the peace or judge *shall*, with or without the approval of the prosecuting

---

[1]RCW 3.66.100: "Every justice having authority to hear a particular case may issue civil process in and to any place in the county or counties in which his district is located, and criminal process in and to any place in the state."

attorney, *issue a warrant directed to any law enforce-ment officer of the state, commanding him to search the premises designated and described in such complaint and warrant, . . .*

(Italics ours.)

The jurisdiction of courts of limited jurisdiction must clearly appear in a statute. *See McCall v. Carr,* 125 Wash. 629, 216 P. 871 (1923). Statewide territorial jurisdiction does not clearly appear in RCW 69.50.509. It is silent on that question. It merely authorizes courts to command "any law enforcement officer of the state" to search, and it does not address the question of the territorial limits on the court's authority to order a search.

The State contends that the Justice Court Criminal Rules authorize statewide execution of a search warrant issued by a justice court. JCrR 2.10 and JCrR 3.13. This reading is logical because JCrR 3.13 authorizes the issuance of "criminal process to any person anywhere in the state" and JCrR 2.10 authorizes the issuance of search warrants. A search warrant is a form of process. *State v. Noah,* 150 Wash. 187, 272 P. 729 (1928). We, however, reject this contention because it attempts to enlarge the statutorily created territorial jurisdiction of the justice courts in violation of the state constitution. Under Const. art. 4, §§ 1, 10 (amendment 65) and 12,[2] the legislature has the sole authority to determine the powers, duties and jurisdiction of justices of the peace and such other inferior courts as the legislature may establish. *Young v. Konz,* 91 Wn.2d 532, 588 P.2d 1360 (1979).

---

[2]Const. art. 4, § 1 provides: "The judicial power of the state shall be vested in a supreme court, superior courts, justices of the peace, and such inferior courts as the legislature may provide."

Const. art. 4, § 10 (amendment 65) provides in part: "The legislature shall . . . prescribe by law the powers, duties and jurisdiction of justices of the peace . . ."

Const. art. 4, § 12 provides: "The legislature shall prescribe by law the jurisdiction and powers of any of the inferior courts which may be established in pursuance of this Constitution."

The State contends that the constitutional limitation is inapplicable because a search warrant is a procedural matter within the exclusive province of the Supreme Court's inherent and statutory rule–making authority. RCW 3.30-.080, 2.04.190 and .200; *State v. Fields,* 85 Wn.2d 126, 530 P.2d 284 (1975). In *Fields,* the Supreme Court held that the issuance of a search warrant involved a matter of procedure. The court, therefore, upheld the use of court rules to enlarge the class of crimes for which the superior court may issue search warrants. CrR 2.3(b). The State relies on *Fields* to support its contention that statewide authority for justice courts to issue search warrants can be created by court rules.

The analysis in *Fields* is not controlling. It does not address court rules that would violate the state constitution if read to enlarge upon statutorily created jurisdiction. The issuance of a search warrant may be a procedural matter subject to regulation by court rules, but the territorial limits of an inferior court's authority to issue a warrant is jurisdictional and subject to the constitutional requirement that it be defined by statute. *In re Crawford,* 148 Wash. 265, 268 P. 871 (1928).

*Fields* is distinguishable on another ground. The opinion upheld the authority granted the superior court by CrR 2.3(b) to issue search warrants in misdemeanor cases even though the legislature had not authorized misdemeanor search warrants. RCW 10.79.015. Unlike the inferior courts, the jurisdiction of the superior court is established by the state constitution and it extends to all misdemeanors unless otherwise provided by law. Const. art. 4, § 6 (amendment 65);[3] *State v. Haye,* 72 Wn.2d 461, 433 P.2d 884 (1967). The state constitution also provides for the issuance of

---

[3]Const. art 4, § 6 (amendment 65) provides: "The superior court shall have original jurisdiction in all cases in equity and in all cases at law which involve the title or possession of real property, or the legality of any tax, impost, assessment, toll, or municipal fine, and in all other cases in which the demand or the value of the property in controversy amounts to three thousand dollars or as otherwise determined by law, or a lesser sum in excess of the jurisdiction granted to justices

superior court process. Const. art. 4, § 6 (amendment 65). The superior court, therefore, has the constitutional power to issue search warrants in support of its misdemeanor jurisdiction. The failure of the legislature to authorize misdemeanor search warrants does not deprive a constitutional court of its constitutional powers. *Blanchard v. Golden Age Brewing Co.,* 188 Wash. 396, 63 P.2d 397 (1936).

Unlike the situation in *Fields,* the absence of legislation here creating territorial jurisdiction is an absolute bar to its exercise. There being no statutory basis for the warrant issued in this case, the trial court was correct in suppressing the evidence.

Affirmed.

ANDERSEN and DURHAM–DIVELBISS, JJ., concur.

Reconsideration denied August 6, 1980.

Review granted by Supreme Court November 7, 1980.

Review dismissed January 27, 1981.

---

of the peace and other inferior courts, and in all criminal cases amounting to felony, and in all cases of misdemeanor not otherwise provided for by law; of actions of forcible entry and detainer; of proceedings in insolvency; of actions to prevent or abate a nuisance; of all matters of probate, of divorce, and for annulment of marriage; and for such special cases and proceedings as are not otherwise provided for. The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court; and said court shall have the power of naturalization and to issue papers therefor. They shall have such appellate jurisdiction in cases arising in justices' and other inferior courts in their respective counties as may be prescribed by law. They shall always be open, except on nonjudicial days, and their process shall extend to all parts of the state. Said courts and their judges shall have power to issue writs of mandamus, quo warranto, review, certiorari, prohibition, and writs of habeas corpus, on petition by or on behalf of any person in actual custody in their respective counties. Injunctions and writs of prohibition and of habeas corpus may be issued and served on legal holidays and nonjudicial days."