[No. 6080. Decided September 25, 1906.]

F. E. CREECH *et al., Respondents,* v. THE CITY OF ABERDEEN, *Appellant.*[1]

APPEAL—EXCEPTIONS—AMENDMENT OF PLEADINGS. Error cannot be predicated upon the allowance of an amendment changing the nature of the action when no exceptions were taken thereto.

CONTINUANCE—NEW TRIAL—ABSENCE OF WITNESS—CUMULATIVE TESTIMONY. It is not an abuse of discretion to refuse a motion for a continuance or grant a new trial, where it does not appear that the evidence sought from an absent witness was not cumulative, and opportunity was given to take his deposition.

JURY—CHALLENGES—HARMLESS ERROR. Error of the court in allowing a fourth peremptory challenge is harmless where it does not appear that the jury was rendered partial by the mistake, and the last juror was passed for cause.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered October 19, 1905, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Affirmed.

*R. E. Taggart* and *Ben Sheeks,* for appellant.

*John C. Hogan* and *W. H. Abel,* for respondents.

DUNBAR, J.—This is an action to recover upon a contract for laying water pipe under the Chehalis river, and for damages alleged to have been caused by the city having furnished defective material. Under the contract the work was to be done by the respondents, and the material to be furnished by the city, the appellant.

It is difficult to tell from appellant's brief exactly what the contentions are, as there is no statement of the case and the assignments are not regularly made. The first contention seems to be that the court erred in refusing to grant a continuance. It is asserted that four days before the date set for the trial, the plaintiffs were permitted by the court

[1]Reported in 87 Pac. 44.

to amend their complaint, changing the nature of the second cause of action: that this amendment was allowed over the objection of the defendant, and without any other notice than that given to Mr. Taggart, one of the attorneys for the appellant at the time, who happened to be in attendance on the court. Conceding, without deciding, that the amendment did change the nature of the cause of action, it seems that there was no exception taken to the ruling of the court in denying the motion for continuance. The attorney for the appellant made an affidavit of certain things which he expected to prove by a Mr. Wilson, who was not able to attend court at the time of the trial, and this affidavit was the basis of the motion for continuance. But an investigation of the record shows that one of the attorneys for the respondents, who was first advised by Mr. Wilson that he would not like to attend the court on the day the trial was set for, advised him to report to Mr. Taggart, and informed Mr. Taggart of Mr. Wilson's communication, and suggested that Wilson's deposition be taken, and that he would waive all formalities. This was not done, nor, upon an examination of Mr. Taggart, would he assert that the testimony which he expected to adduce by the witness Wilson was not cumulative; and the record shows that the facts which he indicated that he would prove by Mr. Wilson were sworn to by a great many other witnesses, whom the appellant produced at the trial. Under all the circumstances, we cannot say that the court abused the discretion which is vested in it in such cases. Nor can we find any abuse of discretion of the court in refusing motion for new trial upon the showing made.

It is also contended that the court committed error in allowing respondents to exercise a fourth peremptory challenge. It seems that in impaneling the jury, one James Phillips, a juror, was called, who was challenged by the appellant for cause, and the challenge was sustained. After

this the court permitted the respondents to exercise a fourth peremptory challenge, to the allowance of which appellant excepted. It does not appear that the jury was rendered partial by this mistake on the part of the court, the juror who took the place of the juror who was challenged being examined and passed for cause. All that the appellant can claim is the right to have its case tried by an impartial jury. It was said by the supreme court of Mississippi, in the case of *State Use of Barnett v. Dalton*, 69 Miss. 611, 10 South. 578:

"The action of the court in permitting to appellee a fifth peremptory challenge was erroneous, but the error is not reversible. The plaintiff, as has long been held in this state, had no vested right in any particular juror. He had a right to an impartial jury, and this right seems to have been enjoyed by him."

It has frequently been decided by this court that litigants had no vested right in any particular juror, and in passing upon the laws in relation to the selection of jurors it was said, in *State v. Straub*, 16 Wash. 111, 47 Pac. 227:

"This court has held so many times, that it seems that we ought not to be called upon to further discuss this character of questions, that these conditions in regard to the selection of jurors are directory, and that no litigant has a vested right in the procedure. Certainly, in the absence of a showing that a material interest had been affected, the judgment would not be reversed for an irregularity so far as the procedure is concerned."

An examination of the record leads us to conclude that no prejudicial error was committed by the court in the admission or rejection of testimony, or in the giving of instructions.

The judgment is affirmed.

MOUNT, C. J., ROOT, CROW, and HADLEY, JJ., concur.