[No. 8838-3-III.   Division Three.   April 12, 1988.]

BECHTEL CIVIL AND MINERALS, INC., ET AL, *Respondents,* v. SOUTH COLUMBIA BASIN IRRIGATION DISTRICT, *Petitioner.*

*Lynden Rasmussen, Carl Hueber,* and *Winston & Cashatt,* for petitioner.

*Robert Zagelow* and *Minnick, Hayner & Zagelow,* for respondents.

THOMPSON, A.C.J.—The South Columbia Basin Irrigation District was granted discretionary review of the trial court's change of venue in this action by Bechtel Civil and Minerals, Inc., and Kenny Construction Co. (Bechtel/Kenny), a joint venture. We reverse.

The District and Bechtel/Kenny entered into an agreement for construction of a power plant. The contract provided:

> If dispute arises under this Agreement resort shall be to litigation, and jurisdiction and venue shall be in the Superior Court of Franklin County, State of Washington. Jurisdiction and venue as set forth shall be exclusive.

After a dispute arose, Bechtel/Kenny filed this action against the District in Franklin County Superior Court. The Franklin–Benton County court administrator notified

the parties that the action would be tried in Benton County with Benton County jurors. The District responded by letter, directing the court administrator's attention to the venue selection clause, further stating that, while it was amenable to trying the case in Benton County, it believed the jury must be selected from Franklin County.

At a hearing, counsel for Bechtel/Kenny did not oppose the District's challenge to the change of venue, saying he did not "have any strong feelings one way or another".

Before hearing from counsel for the District, the judge stated:

It's this Judge's position, Counsel—although not in concrete—that the venue will remain in Franklin County, but I would select a Benton County Jury and try the matter in Benton County Justice Center courts.

Now, to state my position first and then you can tell me your concerns. That was prompted principally because we have a very strong farm oriented panel—jury panel in Franklin County, and much less so, with population double or better, in Benton County. We have to select a panel that could try this case and who have no relationship with South Columbia Basin Irrigation District, and that would take three times the venire you would have to have in Benton County, and quite frankly would pose a very difficult problem upon the Franklin County Superior Court to comport to such a selection. The number of people who have interests in South Columbia Basin Irrigation District are quite vast. Do you do business with South Columbia Irrigation District? Ask any single businessman in Pasco and they say, yes, we hope so; as opposed to Benton County.

Now, you will have farmers in Benton County—the same ratio off the computer, as you would have here, but you would have none of them with any interests commercially or farm–wise or otherwise with the defendant. Secondly, you will try—I don't know, Mr. Rasmussen, if you have visited our small courtroom yet, but I might be able to persuade you if you would take five minutes and step into the small courtroom because that will be where we will have to try it in Franklin County as opposed to a rather adequate and permanent site at the Justice Center in Kennewick. . . . And it lends itself very well to a

trial—a case of this magnitude, both for the selection of the jury and the selection of the site; not to sound like the W.P.P.S.S. Tucson Judge. Now, with that, I will hear from you.

After counsel for the District presented argument, the court ruled:

[I]t's very apparent to this Court that we would waste a great deal of time in selecting a jury in Franklin County.

. . .

I tell you what I am going to do. I don't want to set up a reversible error, but I am going to rule that it would not be practical to select a jury from Franklin County, and that it would be grossly impractical to attempt to hold a jury trial of this magnitude in Franklin County in the facilities that are available to us, and I am going to order that this matter be tried before—not change of venue, but selection of a Benton County jury and trial in the Benton County Justice Center at Kennewick. That's going to be my order.

Despite the attempt to characterize it otherwise, the order was in fact a change of venue, *see PUD 1 v. Puget Sound Power & Light Co.*, 43 Wn.2d 1, 260 P.2d 315 (1953); *State ex rel. Adjustment Dep't of Olympia Credit Bur., Inc. v. Ayer*, 9 Wn.2d 188, 114 P.2d 168 (1941); *State v. Uhthoff*, 45 Wn. App. 261, 724 P.2d 1103, *review denied,* 107 Wn.2d 1017 (1986); Black's Law Dictionary 1727 (4th rev. ed. 1968). Both parties have treated it as such here.

The sole issue is whether the trial court erred in transferring this case to Benton County. A decision to transfer venue lies within the sound discretion of the trial court. *Kimball v. PUD 1*, 64 Wn.2d 252, 259, 391 P.2d 205 (1964). Abuse of discretion is demonstrated only when *it is* exercised on "untenable or manifestly unreasonable" grounds. *Baker v. Hilton*, 64 Wn.2d 964, 966, 395 P.2d 486 (1964). A court has "inherent power to order a change where necessary for the proper administration of justice". *Clampitt v. Thurston Cy.*, 98 Wn.2d 638, 648 n.7, 658 P.2d 641 (1983).

RCW 4.12.080[1] provides that parties may agree to try an action in any county of the state. As early as 1911, the court applied this statute's identical predecessor to give effect to venue selection agreements:

> The policy of the law . . . is that the parties may agree that the place of trial shall be in any county of the state. If the parties may do this after the action is begun, they may certainly do so before; and this is clearly what they did.

*State ex rel. Schwabacher Bros. & Co. v. Superior Court,* 61 Wash. 681, 683, 112 P. 927 (1911). A venue selection agreement will be given effect unless the agreement is unreasonable. *Mangham v. Gold Seal Chinchillas, Inc.,* 69 Wn.2d 37, 45, 416 P.2d 680 (1966); *Exum v. Vantage Press, Inc.,* 17 Wn. App. 477, 478, 563 P.2d 1314 (1977). *See M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 32 L. Ed. 2d 513, 92 S. Ct. 1907 (1972) (approving jurisdictional forum selection clause).

Bechtel/Kenny argues the venue selection agreement was unreasonable because the trial court found it would be impossible to select an impartial jury in Franklin County, and thus the District is seeking a trial before a partial jury.

First, the judge did not find an impartial jury could not be impaneled in Franklin County. He stated that it "would take three times the venire you would have to have in Benton County", that "we would waste a great deal of time in selecting a jury in Franklin County", and that "it would not be practical to select a jury from Franklin County . . ."

Second, there is no basis in the record to support the findings that selection of an impartial jury in Franklin County would be difficult, a waste of time, or impractical. Bechtel/Kenny argues that the judge's "familiarity" with Franklin County provides sufficient proof to justify a

[1]RCW 4.12.080:

"Change by stipulation. Notwithstanding the provisions of RCW 4.12.030 all the parties to the action by stipulation in writing or by consent in open court entered in the records may agree that the place of trial be changed to any county of the state, and thereupon the court must order the change agreed upon."

change of venue. Authority cited for this proposition is inapplicable. In *Dill v. PUD 2,* 3 Wn. App. 360, 475 P.2d 309 (1970), the support for a change of venue was an affidavit that the defendant had received bad publicity in past years and two 3–year–old newspaper articles. The court agreed with the trial judge that a change was unnecessary, based on "the lapse of years" and "the trial judge's familiarity with the Grant County situation . . ." *Dill,* at 366. The trial court, in its experience, deemed the evidence inadequate to support a transfer of venue. *Dill* does not provide authority for a trial judge to decide, merely on the basis of his familiarity with the county, to transfer venue to another county. Bechtel/Kenny also cites *North Bend Lumber Co. v. Seattle,* 147 Wash. 330, 266 P. 156 (1928), in which the court ordered a change of venue on a ground that an impartial trial was impossible in King County. *North Bend Lumber,* at 331. The court's decision was supported by "a great number of affidavits touching the question of prejudice . . ." *North Bend Lumber,* at 338. Finally, Bechtel/Kenny cites *Everett v. Robersonville,* 8 N.C. App. 219, 174 S.E.2d 116 (1970), in which the judge transferred venue based, in part, on his "own observations". Bechtel/Kenny fails to point out that the judge made these personal observations during a 2–week trial, and the observations were supplemented with "sworn testimony of witnesses at the trial . . ." *Everett,* 174 S.E.2d at 119.

Bechtel/Kenny provides no authority for the proposition that mere "familiarity" provides sufficient basis for finding that a venue selection agreement is unreasonable. Nor is the determination a proper matter for judicial notice.

    **(b) Kinds of Facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

ER 201(b). With reference to subsection (1), generally known within the territorial jurisdiction is not referring to

that which is personally known by the judge. The judicially noticed fact must not be subject to reasonable dispute and must be generally known by the people within that area. *Mickelson v. Williams,* 54 Wn.2d 293, 340 P.2d 770 (1959). Judicial notice may not be taken of a custom or usage, local in nature, without the proof of its existence and application. *See State ex rel. Humiston v. Meyers,* 61 Wn.2d 772, 779, 380 P.2d 735 (1963). The possibility of selecting an impartial jury in Franklin County is not a proper matter for judicial notice.

Third, the District's insistence on Franklin County jurors is not tantamount to a demand for a partial jury. The District is requesting the benefit of its bargain with Bechtel/Kenny: an impartial jury from Franklin County. Bechtel/Kenny argues that a party is not entitled to a particular juror. *See Creech v. Aberdeen,* 44 Wash. 72, 74, 87 P. 44 (1906). However, as the *Creech* decision pointed out, "[a]ll that the appellant can claim is the right to have its case tried by an impartial jury". *Creech,* at 74. The District seeks nothing more here.

Without more from the trial court, we are left with the observation that "except in rare instances, the mills of justice grind with equal fineness in every county of the state". (Footnote omitted.) *Russell v. Marenakos Logging Co.,* 61 Wn.2d 761, 765, 380 P.2d 744 (1963).

The trial court abused its discretion by transferring venue on untenable grounds.

Reversed.[2]

GREEN and MUNSON, JJ., concur.

---

[2]Bechtel/Kenny's request for attorney fees is without basis, and is denied.