Keith K. STEVENS, Plaintiff–Appellee,

v.

Scott ROSE, Esq.; Kenny Moore; County of Lander, Defendants,

and

Troy Hanson, Defendant–Appellant.

No. 00–15840.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2002.

Filed Aug. 2, 2002.

Keith L. Loomis, Carson City, NV, for defendant-appellant.

James André Boles, Reno, NV, for plaintiff-appellee.

Before RYMER, KLEINFELD, and McKEOWN, Circuit Judges.

## OPINION

McKEOWN, Circuit Judge.

We address here whether a police officer is entitled to qualified immunity, as a matter of law, for seizing an individual based on a civil dispute. The case comes to us on an interlocutory appeal after the district court determined that the officer was not entitled to summary judgment based on qualified immunity. Under the collateral action doctrine, we may take jurisdiction over interlocutory orders denying summary judgment on the basis of qualified immunity. *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). We do so here and affirm.

## BACKGROUND[1]

This suit arises from the seizure of Keith Stevens by Deputy Troy Hanson

---

1. This factual background is based primarily on Stevens' filings, as we view the facts in the

and other members of the Lander County Sheriff's Office in August 1996. The circumstances that led to the seizure began with a discussion in the District Attorney's Office. Stevens along with his wife met with Deputy District Attorney Leon Aberasturi in order to resolve a dispute over the ownership of an automobile that Stevens believed he had purchased. Also present at the meeting with Aberasturi were Hanson and the other party claiming ownership of the vehicle. In the course of the meeting, Aberasturi told Stevens that he did not have good title to the car, that he planned to turn the title over to the other party, and that whoever had the title was entitled to possession of the car. In response, Stevens grabbed the official title document from Aberasturi and attempted to eat it so as to prevent the title from being used to deny his claim to the car. Aberasturi grabbed the document back and ordered Stevens from his office. On the way out Stevens heard Hanson and others joking about what happened.

Soon after Stevens left, Aberasturi realized that Stevens might have had the vehicle's keys in his possession. Aberasturi dispatched Hanson to recover the keys. Aberasturi instructed Hanson to arrest Stevens for disorderly conduct if he caused any problems. Hanson found Stevens at a nearby cemetery where he had gone to take a walk in order to clear his head. From his patrol car, Hanson told Stevens that he wanted to talk. It is undisputed that Hanson did not explain why he was interested in speaking with Stevens. Stevens told Hanson "to stay out of the matter since it was[ ] civil" in nature. Stevens then started to walk away from Hanson. At that point, Hanson radioed for back-up and exited his vehicle in pursuit of Stevens, who began to run away from Hanson.

Hanson chased Stevens, caught him, and tore off his shirt. Hanson then struck Stevens, who was able to escape his grasp and keep running. Ultimately, Stevens was captured and subdued by Hanson and additional officers who arrived upon the scene. It is undisputed that pepper spray was used to subdue Stevens. In addition, however, Stevens asserts that the officers severely beat him and repeatedly sprayed pepper spray into his mouth before and after he was handcuffed. After having been subdued, Stevens blacked out, began convulsing involuntarily, and was transported to a hospital where he was treated for a fractured rib and neck pain. Hanson issued Stevens a citation for resisting and delaying a public officer.

The county and law enforcement defendants moved for summary judgment in the district court based on a variety of grounds, including Hanson's qualified immunity. The motion was granted in part and denied in part. With regard to Hanson, the district court concluded that summary judgment was not warranted because triable issues of fact existed as to whether Hanson acted reasonably in violating Stevens' Fourth Amendment rights.

## DISCUSSION

■ This appeal relates solely to Hanson's qualified immunity defense with respect to the alleged Fourth Amendment violation. Establishing qualified immunity requires that the official's conduct be objectively reasonable "as measured by reference to clearly established law." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The

light most favorable to Stevens in this summary judgment appeal. Although the parties generally agree on what happened at the

Sheriff's Office, their stories diverge with regard to what transpired following that encounter.

Supreme Court recently encapsulated this objective approach into a two-step test. The threshold question that the court must answer is whether the facts, taken in the light most favorable to the plaintiff, "show the officer's conduct violated a constitutional right[.]" *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). If this initial question is answered affirmatively, the court must address whether "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 202, 121 S.Ct. 2151 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).

### I. CONSTITUTIONAL RIGHT

 Stevens charges that Hanson violated his Fourth Amendment right against unreasonable seizures by arresting him in connection with a civil dispute. We start with the basic proposition that a full-scale arrest must be supported by probable cause. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001); *Morgan v. Woessner*, 997 F.2d 1244, 1252 (9th Cir.1993) (citing *Adams v. Williams*, 407 U.S. 143, 148–49, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972)). In turn, we have previously held that "[b]y its definition, probable cause can only exist in relation to criminal conduct. · It follows that civil disputes cannot give rise to probable cause." *Allen v. City of Portland*, 73 F.3d 232, 237 (9th Cir.1995). This rather unremarkable proposition—namely that good intentions do not overcome the rule that civil disputes do not give officers probable cause to arrest—is supported by other circuits as well. *See e.g., Wooley v. City of Baton Rouge*, 211 F.3d 913, 925–27 (5th Cir.2000) (holding that seizure of child violated clearly established Fourth Amendment right where there was no probable cause and child was not in imminent danger of harm); *Peterson v. City of Plymouth*, 60 F.3d 469, 476–77 (8th Cir.1995) (holding that the arrest was clearly established to be unlawful where officer knew the dispute was a civil, not a criminal, matter); *Moore v. Marketplace Rest.*, 754 F.2d 1336, 1345–47 (7th Cir.1985) (stating that there would be no probable cause to arrest for breach of contract dispute involving payment for food services). Indeed, the *Peterson* case closely parallels the circumstances here. The Eighth Circuit upheld judgment as a matter of law in favor of Peterson who was arrested in connection with a dispute over the ownership of a snowblower. The court noted: "Knowledge of Peterson's reasonable and actual claim of right put [the officer] on notice that the dispute was a civil matter not involving criminal intent." 60 F.3d at 477.

In the district court, Hanson argued that there was probable cause to arrest Stevens because he attempted to snack on an official document in violation of Nevada's forgery statute and because he failed to heed Hanson's request to talk. Hanson has abandoned these arguments on appeal. Thus, the only question that remains is whether Hanson arrested Stevens.

 Under the circumstances of this case, concluding that there was an arrest is not a difficult question. "There has been an arrest if ... a reasonable person would conclude that he was not free to leave after brief questioning." *United States v. Del Vizo*, 918 F.2d 821, 824 (9th Cir.1990). In making this determination, we must look to the totality of the circumstances, *id.*, including the intrusiveness of the stop and whether the degree of intrusion was justified, *United States v. Rousseau*, 257 F.3d 925, 929 (9th Cir.2001). Aggressive police conduct will not necessarily be deemed an arrest when it is in

response to legitimate officer safety concerns. *United States v. Miles,* 247 F.3d 1009, 1012 (9th Cir.2001).

■ Here, no safety issue was at play. Rather, Hanson and then three officers chased Stevens and tackled him because they believed he had a set of car keys. Hanson knew that the dispute was civil, not criminal. Hanson never informed Stevens of the reasons for wanting to speak with him. When Stevens refused Hanson's overture, Hanson pursued Stevens. Stevens was subjected to chemical spray and handcuffed. The officers subdued him using sufficient force to send him to the hospital. Under these circumstances, it would have been decidedly unreasonable to assume that "he was free to leave after brief questioning." *Del Vizo,* 918 F.2d at 824. Stevens had been arrested.[2] Because there was no probable cause to support that arrest, Stevens' Fourth Amendment rights were violated.

## II. Clearly Established

Under *Saucier,* the second prong of our analysis requires us to evaluate whether a reasonable officer could have believed that it was lawful to arrest Stevens under the circumstances described above. 533 U.S. at 202, 121 S.Ct. 2151; *see also Act Up!/Portland v. Bagley,* 988 F.2d 868, 871 (9th Cir.1993). As discussed above, under well established precedent there is little doubt that Stevens was arrested by the officer. *See also California v. Hodari D.,* 499 U.S. 621, 625, 111 S.Ct. 1547, 113 L.Ed.2d 690 ("[A]n arrest is effected by the slightest application of physical force.") At first blush it would appear that our clearly established law that civil disputes do not provide probable cause to arrest would resolve the question here. *Allen,* 73 F.3d at 237. But Hanson presents a twist that raises a factual issue.

■ Hanson argues that his conduct was objectively reasonable because Deputy District Attorney Aberasturi concluded that Stevens was not the lawful owner of the car and that Hanson was acting upon instructions to retrieve the keys from and/or arrest Stevens if he caused any problems. Hanson recognizes that a lawyer's advice does not render an officer's "conduct per se reasonable." Nonetheless,"[w]hile reliance on counsel's advice will not satisfy a defendant's burden of acting reasonably, it is evidence of . . . good faith." *Lucero v. Hart,* 915 F.2d 1367, 1371 (9th Cir.1990); *see also Forman v. Richmond Police Dep't,* 104 F.3d 950, 960 (7th Cir.1997) (police officer's solicitation of advice from county prosecutor in conducting search was evidence of officer's good faith and reasonableness). Taking the facts in the light most favorable to

---

**2.** Hanson urges us to evaluate Stevens' detention through the lens of "special needs" and traffic checkpoint cases. These cases permit suspicionless searches when "special needs, beyond the normal need for law enforcement, make the warrant and probable cause requirements impracticable." *Vernonia Sch. Dist. 47J v. Acton,* 515 U.S. 646, 653, 115 S.Ct. 2386, 132 L.Ed.2d 564 (1995) (determining that suspicionless drug searches and seizures are permissible in public schools because of the existence of "special circumstances"); *cf. Mich. Dep't of State Police v. Sitz,* 496 U.S. 444, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990) (approving sobriety checkpoints). These cases are completely inapt here. The "special needs" and traffic checkpoint cases do not apply to cases where officers act upon individualized suspicion. *See Sitz,* 496 U.S. at 450–51, 110 S.Ct. 2481 ("It is important to recognize what our inquiry is not about. No allegations are before us of unreasonable treatment of any person after an actual detention at a particular checkpoint."). No special needs or circumstance existed here. Instead, Hanson pursued Stevens on account of individualized suspicion that Stevens had the keys to the contested vehicle.

Stevens, Hanson cannot prevail at the summary judgment stage. The facts alleged show that Hanson violated Stevens' right not to be arrested in the absence of probable cause to believe Stevens had committed a crime, and that right was clearly established and would be known to a reasonable officer in the circumstances. We therefore affirm the district court's denial of Hanson's motion for summary judgment on qualified immunity.

AFFIRMED.