113 P.3d 494 (2005)
Michael EXENDINE and Patricia Exendine, husband and wife, Appellants,
v.
CITY OF SAMMAMISH, a municipal corporation, Respondent.
No. 54570-1-I.
Court of Appeals of Washington, Division 1.
April 18, 2005.
As Amended on Denial of Reconsideration May 31, 2005.
Publication Ordered June 6, 2005.
*495 Bill H. Williamson, Ross Williamson Loitz PLLC, Sea., WA, for Appellants.
Bruce Disend, Kenyon Dornay Marshall PLLC, Issaquah, WA, for Respondents.
SCHINDLER, J.
¶ 1 Michael and Patricia Exendine (the Exendines) challenge the jurisdiction of King County District Court (District Court) to issue search warrants to search their property for alleged violations of the City of Sammamish (City) civil code. RCW 3.66.060 grants district courts jurisdiction to issue search warrants for misdemeanor violations of city ordinances. We conclude the District Court had jurisdiction to issue the search warrants to search the Exendines' property because under the City's municipal code, a willful violation of its civil code is a misdemeanor. We also conclude the trial court did not abuse its discretion when it refused to allow the Exendines to supplement the record and raise a new argument challenging the Interlocal Agreement between the City and King County to provide court services. We affirm the Hearing Examiner's decisions upholding the Notice and Orders issued to the Exendines by the City.

FACTS
¶ 2 The Exendines own three adjacent tracts of forested land in the City of Sammamish. The City received complaints from neighboring landowners about alleged violations of the City's land use, housing and nuisance codes. From a nearby road, a City code enforcement officer could see a large quantity of broken down automobiles and automobile parts on the Exendines' property.
¶ 3 The City officer prepared an affidavit of probable cause and the City requested the Issaquah Division of King County District Court to issue criminal search warrants to search the Exendines' property for alleged violations of the City code. The District Court found probable cause and issued the search warrants. The warrants authorized the City to enter and search the Exendines' *496 property for evidence of crimes related to alleged violations of the City's civil codes. On March 18, 2002, the City executed the search warrants and inspected the Exendines' property. The City found an accumulation of inoperable vehicles and automobile parts and a number of substandard and hazardous conditions resulting from remodeling work done without permits.
¶ 4 The City decided not to file criminal charges and instead cited the Exendines for violations of City codes and issued three Notice and Orders.[1] The Notice and Orders required the Exendines to remove the inoperable vehicles and automobile parts, demolish or repair the buildings to bring them into compliance with applicable building codes, and cease occupancy of recreational vehicles on the property.
¶ 5 The Exendines appealed the Orders to the City's Hearing Examiner. They claimed the search warrants violated the Washington State Constitution because District Court did not have jurisdiction to issue search warrants for City code violations, the Notice and Orders were issued without reasonable cause, the stop work orders were based on erroneous facts, the Exendines' uses of the property were protected as a nonconforming use, permits had been obtained for the recreational vehicles, and the vehicles were stored on impervious surfaces. The Hearing Examiner decided he had no authority to address the Exendines' constitutional challenges to issuance of the search warrants.[2] At the conclusion of a three-day hearing in July and August 2002, the Hearing Examiner found the allegations of code violations were established by the evidence and affirmed the three Notice and Orders.
¶ 6 The Exendines appealed the Hearing Examiner's decision to superior court under the Land Use Petition Act (LUPA).[3] In their LUPA petition, the Exendines claimed the Hearing Examiner erred in not ruling on their constitutional challenges to the search warrants and the District Court did not have jurisdiction to issue search warrants for evidence of civil code violations.[4] After the court heard argument on the LUPA appeal, the Exendines, in a supplemental memorandum, argued for the first time that the Interlocal Agreement between the City and King County to provide court services was invalid. The trial court ruled the District Court had jurisdiction to issue the search warrants because the warrants were issued to obtain evidence of alleged crimes. The court also ruled the Hearing Examiner did not have the authority to rule on the Exendines' constitutional challenge to the jurisdiction of the District Court to issue the search warrants. The court denied the Exendines' request to supplement the record with new evidence to support its argument that the Interlocal Agreement was not valid. The Exendines moved for reconsideration, and the court denied their motion. The Exendines appeal.[5]

ANALYSIS
¶ 7 On review of a LUPA decision, this court reviews the hearing examiner's decision on the basis of the administrative record de novo. Thornton Creek Legal Def. *497 Fund v. City of Seattle, 113 Wash.App. 34, 47, 52 P.3d 522 (2002).[6]
¶ 8 The Exendines contend the search warrants issued by the District Court violate their rights under the Fourth Amendment of the United States Constitution and article I, section 7 of the Washington Constitution.[7] The Exendines argue the District Court did not have jurisdiction to issue the search warrants to obtain evidence on the Exendines' property of City code violations. The issue of whether a court has subject matter jurisdiction is a question of law we review de novo. Crosby v. County of Spokane, 137 Wash.2d 296, 301, 971 P.2d 32 (1999). A district court can issue a search warrant only if it has jurisdiction to hear the underlying case. State v. Davidson, 26 Wash.App. 623, 625, 613 P.2d 564 (1980).

District Court Jurisdiction
¶ 9 Under the Washington Constitution, the Legislature has the sole authority to establish the jurisdiction and duties of district and municipal courts. Washington Constitution article IV, section 1 provides, "The judicial power of the state shall be vested in a supreme court, superior courts, justices of the peace, and such inferior courts as the legislature may provide." Courts of limited jurisdiction are created by statute, and their jurisdiction must be expressly defined by statute.[8]
¶ 10 In Title 3 RCW, the Legislature provides alternatives for a municipality to adjudicate violations of its ordinances. A city can establish an independent municipal court, file a petition to establish a municipal department of the district court, or enter into an agreement with the district court to hear criminal and other cases. Under RCW 3.50.010, a city by ordinance can establish an independent municipal court. A municipal court created pursuant to RCW 3.50 has "exclusive original criminal jurisdiction of all violations of city ordinances duly adopted by the city in which the municipal court is located." RCW 3.50.020. Under RCW 3.46.010, "Any city may secure the establishment of a municipal department of the district court." RCW 3.46.030 provides that a municipal department of the district court also has exclusive jurisdiction of all city ordinance violations. A city can also enter into an agreement with the county in which it is located to file the City's cases in district court. District courts have jurisdiction for "all misdemeanors and gross misdemeanors... and of all violations of city ordinances." RCW 3.66.060.
¶ 11 Here, the City has not established either an independent municipal court or a municipal department of the District Court. Instead, the City entered into an interlocal agreement with King County to file all City cases in district court.[9]
¶ 12 The Exendines rely on Seattle v. McCready, 124 Wash.2d 300, 877 P.2d 686 (1994) (McCready II), to argue the District Court did not have authority to issue the *498 search warrants to obtain evidence of housing and land use code violations. The Exendines contend the search warrants issued by the District Court violate Article I, section 7 of the Washington State Constitution because they were issued to search for evidence of civil code violations. In McCready II, the Court held that under the statute and court rules, the municipal court only had authority to issue a search warrant where the alleged housing code violation was a crime. The Court in McCready II held the warrants issued in that case were invalid because the violation was not criminal and no statute or court rule gave the municipal court authority to issue the search warrants. McCready, 124 Wash.2d at 310, 877 P.2d 686.
¶ 13 Here, unlike McCready II, the Sammamish Municipal Code expressly provides that a willful or knowing violation of the City's civil code is a misdemeanor.[10] "Any person who willfully or knowingly causes, aids or abets a civil code violation pursuant to this title by any act of commission or omission is guilty of a misdemeanor." Sammamish Municipal Code (SMC) 23.10.020(2). The search warrants authorized the City to enter and search the Exendines' property for any "evidence of a crime," including violations of several sections of the Interim Sammamish Development Code, the Uniform Building Code, the Uniform Housing Code, and a City of Sammamish ordinance.[11] The search warrants issued by the District Court were based on probable cause and alleged criminal violations of the City's code.[12] The search warrants issued by the District Court state there is
probable cause to believe that, in violation of the laws of the State of Washington and the City of Sammamish, fruits, instrumentalities and/or evidence of a crime as defined by law is being possessed, or kept in violation of the provisions of the laws of the State of Washington, City of Sammamish in, about and upon certain premises within the City of Sammamish, State of Washington, hereinafter designated and described.[13]
¶ 14 The Exendines contend that although a "violation of the city code can be a misdemeanor if committed with criminal intent," the dispute was civil in nature.[14] After executing the search warrants, the City decided not to file criminal charges. Instead, the City issued Notice and Orders requiring the Exendines to comply with the City's code. But while the City decided to issue Notice and Orders for civil violations of the City's code, the search warrants were issued on probable cause to search for evidence of alleged crimeswillful or knowing violations of the City's civil code. See SMC 23.10.020(2). We conclude the District Court had authority to issue the search warrants because it had jurisdiction for criminal violations of the City's civil code. RCW 3.66.060.[15]
¶ 15 Relying on State v. Klinker, 85 Wash.2d 509, 537 P.2d 268 (1975), the Exendines argue that even if the District Court has jurisdiction, the search warrants were unreasonable and invalid because "less drastic means" were available for the City to obtain information about the code violations on their property.[16] The Exendines' reliance on Klinker is misplaced. Klinker does not address the validity of a search warrant issued with probable cause to search for evidence of a crime.[17] In Klinker, the Court *499 invalidated the use of an arrest warrant in a civil paternity action because the statute authorizing the warrant did not require a probable cause determination and there was no showing that a less intrusive measure would be ineffective in ensuring the alleged father's presence in court.[18]Klinker, 85 Wash.2d at 523, 537 P.2d 268.
¶ 16 Next, the Exendines rely on a provision in the Interlocal Cooperation Act, RCW 39.34.180, to argue that the District Court did not have jurisdiction. RCW 39.34.180(1) provides, in part:
(1) Each county, city, and town is responsible for the prosecution, adjudication, sentencing, and incarceration of misdemeanor and gross misdemeanor offenses committed by adults in their respective jurisdictions, and referred from their respective law enforcement agencies, whether filed under state law or city ordinance, and must carry out these responsibilities through the use of their own courts, staff, and facilities, or by entering into contracts or interlocal agreements under this chapter to provide these services.
The purpose of the Interlocal Cooperation Act is to allow cities and counties to enter into agreements for government services and facilities.[19] The Interlocal Cooperation Act provides the means for cities to contract with counties for court services. The Legislature does not address the jurisdiction of district courts to hear misdemeanor and gross misdemeanor violations of city ordinances in Title 39 RCW. Rather, the Legislature explicitly grants jurisdiction to district courts over all misdemeanors and gross misdemeanors and all violations of city ordinances in Title 3 RCW. RCW 3.66.060.
¶ 17 The Exendines also argue the District Court did not have jurisdiction to issue the search warrants because the City failed to show the Interlocal Agreement between the City and King County was valid.[20] Specifically, the Exendines claim the City failed to establish the Interlocal Agreement was filed with the County Auditor.[21]
¶ 18 Without objection, the Interlocal Agreement between the City and the County was made a part of the record before the Hearing Examiner in July 2002. The agreement is signed by the Deputy King County Executive and the Sammamish City Manager and is effective until December 31, 2004, with two automatic five-year extensions. The Agreement allows the City to file its cases in District Court.[22]
¶ 19 In a supplemental memorandum filed on March 3, 2003, the Exendines argued for the first time that the Interlocal Agreement *500 was invalid. The Exendines claimed the Interlocal Agreement was invalid because it was not ratified by the Sammamish City Council or filed with the county auditor as required by RCW 39.34.040. In a footnote in the memorandum the Exendines asked to supplement the record with new information obtained from the internet.[23]
¶ 20 The trial court denied the Exendines' request to supplement the record and challenge the validity of the Interlocal Agreement because there was "no apparent good reason why such argument and evidence should not have been earlier discovered and argued."[24] In the court's order denying the Exendines' motion to reconsider, the court reiterated that "the issue of the validity of the Interlocal Agreement is not a jurisdictional issue and therefore could not be raised late."[25]
¶ 21 We review the trial court's decision to deny the Exendines' request to introduce new evidence and raise a new argument for abuse of discretion. See In re Marriage of Tomsovic, 118 Wash.App. 96, 109-10, 74 P.3d 692 (2003). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971). The trial court's decision to deny the Exendines' request to introduce new evidence about the validity of the Interlocal Agreement and make a new argument was reasonable. The Exendines did not challenge the validity of the Interlocal Agreement before the Hearing Examiner and provided no explanation as to why the evidence could not have been discovered and the argument made earlier. The trial court did not abuse its discretion in denying the Exendines' request to supplement the record with new evidence and argue the Interlocal Agreement was invalid.

Hearing Examiner's Authority
¶ 22 Finally, the Exendines contend the Hearing Examiner had the authority to decide the constitutional validity of the search warrants. The Sammamish Municipal Code establishes the office of a hearing examiner. SMC 20.10.020 provides: "The examiner shall act on behalf of the City Council in considering and applying adopted City policies and regulations as provided herein." The city council is a legislative body, and it does not have the power to enforce, interpret, or rule on constitutional challenges.[26] The City Council cannot delegate power it does not have. See Chaussee v. Snohomish County Council, 38 Wash.App. 630, 636, 689 P.2d 1084 (1984).[27] The Hearing Examiner correctly decided he did not have the authority to determine the constitutional validity of *501 the search warrants in this code enforcement proceeding.[28]

CONCLUSION
¶ 23 The District Court had jurisdiction to issue the search warrants to search the Exendines' property. The search warrants were issued on probable cause for alleged criminal violations of the City's code. The trial court did not abuse its discretion in denying the Exendines' request to supplement the record and challenge the Interlocal Agreement. The Hearing Examiner correctly decided he did not have authority to rule on the constitutional validity of the criminal search warrants issued by the District Court. We affirm the Hearing Examiner's decisions on the Notice and Orders.
WE CONCUR: KENNEDY, J., and ELLINGTON, A.C.J.
NOTES
[1] "Notice of City of Sammamish Code Violation: Civil Penalty Order: Abatement Order: Notice of Lien: Duty to Notify" (Notice and Order). Clerk's Papers (CP) at 32, 43, 53.
[2] The Hearing Examiner's decision states:

During the hearing, the Examiner concluded that a decision to invalidate a search warrant that was issued by a judge and was fair on its face exceeded his jurisdiction. A review of the ordinance establishing the Examiner's authority confirms that conclusion. Under ISDC 23.36.030, the Examiner is to review the evidence and make written findings and conclusions, and shall affirm or reverse the citation or order based upon that review. Any challenge to the validity of the warrant must be presented to a court and not to the Examiner.
CP at 24.
[3] RCW 36.70C.005, et seq.
[4] The Exendines also argued the Hearing Examiner's decision was not supported by substantial evidence, it violated their constitutional rights, and it was based on an erroneous interpretation of the law, and the City ordinance regarding impervious surfaces was unconstitutionally vague.
[5] The Exendines sought direct review in the Supreme Court. The Court denied their petition for review and transferred the case to this court.
[6] This court may grant relief to the Exendines if they establish that one of the standards in the LUPA statute is met. The standards under RCW 36.70C.130(1) are:

(a) The body or officer that made the land use decision engaged in unlawful procedure or failed to follow a prescribed process, unless the error was harmless;
(b) The land use decision is an erroneous interpretation of the law, after allowing for such deference as is due the construction of a law by a local jurisdiction with expertise;
(c) The land use decision is not supported by evidence that is substantial when viewed in light of the whole record before the court;
(d) The land use decision is a clearly erroneous application of the law to the facts;
(e) The land use decision is outside the authority or jurisdiction of the body or officer making the decision; or
(f) The land use decision violates the constitutional rights of the party seeking relief.
[7] The Fourth Amendment of the United States Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." Article I, section 7 of the Washington Constitution provides, "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law."
[8] "The legislature shall prescribe by law the jurisdiction and powers of any of the inferior courts which may be established in pursuance of this Constitution." Wash. Const. art. IV, § 12.
[9] "Interlocal Agreement for Provision of District Court Services between King County and the City of Sammamish" (Interlocal Agreement).
[10] See Sammamish Municipal Code (SMC) 23.10.020(2). SMC 23.10.020(2) was formerly adopted as Interim Sammamish Development Code (ISDC) section 23.02.030(B).
[11] CP at 135, 137.
[12] The Exendines do not dispute there was probable cause.
[13] CP at 134, 136. The search warrants are titled "Search Warrant for Fruits, Instrumentalities and/or Evidence of a Crime."
[14] Appellant's Brief (App.Br.) at 17, n. 13.
[15] The statutes the Exendines cite regarding district court jurisdiction relate to district court jurisdiction in civil matters. See RCW 3.66.020,.030. They argue this action is a civil action over which the District Court does not have jurisdiction, but as discussed above, the warrants were issued to search for evidence of crime, and thus the issue is whether the District Court had jurisdiction over that crime.
[16] App. Br. at 16.
[17] The Exendines' reliance on Allen v. City of Portland, 73 F.3d 232, 237 (9th Cir.1995), and Stevens v. Rose, 298 F.3d 880, 883 (9th Cir.2002), is similarly misplaced. While Allen and Stevens both stand for the proposition that a criminal arrest in a civil dispute violates the Fourth Amendment, neither case addresses the validity of a search warrant issued to authorize search for evidence of a crime.
[18] The portion of Klinker cited by the Exendines in their brief addresses the different considerations that arise in the use of warrants in civil cases as opposed to criminal cases.
[19] RCW 39.34.010 describes the purpose of the Interlocal Cooperation Act:

to permit local governmental units to make the most efficient use of their powers by enabling them to cooperate with other localities on a basis of mutual advantage and thereby to provide services and facilities in a manner and pursuant to forms of governmental organization that will accord best with geographic, economic, population and other factors influencing the needs and development of local communities.
[20] As a preliminary issue, the Exendines claim the City conceded before the Superior Court that the search warrants were invalid absent an interlocal agreement between the City and King County. But this court reviews the hearing examiner's action, not the proceedings before the Superior Court, on the basis of the administrative record de novo. Thornton Creek Legal Def. Fund, 113 Wash.App. at 47, 52 P.3d 522. Moreover, jurisdiction is a question of law that this court reviews de novo. Crosby, 137 Wash.2d at 301, 971 P.2d 32.
[21] Under RCW 39.34.040, an interlocal agreement must be filed with the county auditor before it becomes effective. See also State v. Plaggemeier, 93 Wash.App. 472, 969 P.2d 519 (1999) (Mutual Aid Agreement between five law enforcement agencies was invalid because the agencies did not comply with the Interlocal Cooperation Act requirements that an interlocal agreement be ratified by an agency's governing legislative body and filed with the county auditor.).
[22] The City agreed to pay the County the costs incurred for City cases filed in district court.
[23] The Exendines submitted printouts from the King County Recorder's Office Website and included a statement about supplementing the record in a footnote, but did not file a motion to supplement the record. The footnote says, "To the extent that the submission of these web pages is deemed a supplementation of the record, we hereby request permission of the Court to do so." CP at 173, n. 2.
[24] CP at 180.
[25] CP at 228.
[26] See Wash. Const. art. IV, § 1 ("The judicial power of the state shall be vested in a supreme court, superior courts, justices of the peace, and such inferior courts as the legislature may provide."); see also Seattle School Dist. No. 1 of King County v. State, 90 Wash.2d 476, 496, 585 P.2d 71 (1978) ("The ultimate power to interpret, construe and enforce the constitution of this State belongs to the judiciary.")
[27] This conclusion is also supported by this court's opinion in Wells v. Whatcom County Water Dist. No. 10, 105 Wash.App. 143, 19 P.3d 453 (2001). In Wells, the Whatcom County Hearing Examiner's approval of a conditional use permit was challenged in part because the Hearing Examiner's ruling discussed constitutional takings issues related to the conditional use permit. The appellant argued the Hearing Examiner's decision was improper because the Hearing Examiner lacked authority to base its decision on constitutional considerations. This court concluded that when the challenged portions of the Hearing Examiner's decision were read in context, it was clear the Hearing Examiner's decision "was not based on considerations beyond the hearing examiner's authority." Id. at 156, 19 P.3d 453. This conclusion is consistent with Open Door Baptist Church v. Clark County, 140 Wash.2d 143, 995 P.2d 33 (2000), where the Court accepted without comment a statement by the Clark County Hearing Examiner that he did "`not have jurisdiction to consider state or federal constitutional issues or federal statutory issues.'" Id. at 146, 995 P.2d 33.
[28] The Exendines rely on King County v. Primeau, 98 Wash.2d 321, 654 P.2d 1199 (1982), Seattle v. McCready, 123 Wash.2d 260, 868 P.2d 134 (1994) (McCready I), and McCready II, to argue that the validity of a code enforcement search warrant is to be adjudicated in the code enforcement proceedings. But in all three of those cases, it was the trial court, not the hearing examiner, who addressed the validity of the search warrants used. These cases do not support the proposition that the hearing examiner has authority to determine the constitutional validity of a search warrant.