**Loren Christopher TARABOCHIA,**
**Plaintiff–Appellee,**

v.

**Jean HILL, Superintendent at EOCI; P. Sturdevant, Hearing Officer at EOCI; S. Headley, Lieutenant at EOCI; M. Burcham, Corrections Officer Captain at EOCI; Allen, Corrections Officer at EOCI; Tom Cupp, Assistant Superintendent at EOCI, Defendants–Appellants.**

No. 03–35600.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 2005.

Decided Aug. 5, 2005.

Loren Christopher Tarabochia, Ontario, OR, pro se.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

Richard D. Wasserman, Janet A. Metcalf, Esq., Office of the Oregon Attorney General, Salem, OR, for Defendants–Appellants.

Before: FERNANDEZ, RYMER, and KLEINFELD, Circuit Judges.

## MEMORANDUM *

Loren Christopher Tarabochia, an Oregon state prisoner, obtained summary judgment against Oregon Department of Corrections employees, Peter J. Sturdevant, a hearings officer at the Eastern Oregon Correctional Institution, and Spencer A. Headley, a correctional lieutenant at the same facility (collectively, the Officers). The summary judgment was predicated upon their roles in disciplining Tarabochia for the abusive language contained in a grievance lodged by him against a female correctional officer, referred to throughout this proceeding as Officer Ness. We affirm.

(1) The Officers initially conceded that if *Bradley v. Hall,* 64 F.3d 1276 (9th Cir. 1995), was not effectively overruled by *Shaw v. Murphy,* 532 U.S. 223, 121 S.Ct. 1478, 149 L.Ed.2d 420 (2001) (*Shaw II* ), it remains "good law" and they cannot prevail before a three-judge panel. We agree. In *Bradley,* 64 F.3d at 1278, the prisoner was disciplined for a violation of the Oregon prison regulation which prohibits the direction of disrespectful language toward

of this circuit except as provided by Ninth Circuit Rule 36–3.

or about another.[1] The same regulation was applied here with the same result. We are satisfied that regardless of the effect of *Shaw II* on portions of *Bradley's* reasoning, the result of *Bradley*, which precluded application of the regulation to effect discipline of Bradley for his grievance, applies to preclude application of the regulation to Tarabochia for his grievance. Thus, we and the officers remain bound by *Bradley*. That is to say, the application violated Tarabochia's First Amendment right to petition the government for redress of grievances. Moreover, that was clearly established at the time, and the Officers, as reasonable officials, should have understood that they were violating that right when they disciplined him.[2] *See Saucier v. Katz*, 533 U.S. 194, 201–02, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001); *Anderson v. Creighton*, 483 U.S. 635, 638–40, 107 S.Ct. 3034, 3038–39, 97 L.Ed.2d 523 (1987); *Bahrampour v. Lampert*, 356 F.3d 969, 976 (9th Cir.2004); *see also Ceballos v. Garcetti*, 361 F.3d 1168, 1180 (9th Cir. 2004), *cert. granted*, 543 U.S. ——, 125 S.Ct. 1395, 161 L.Ed.2d 188 (2005).

(2) Tarabochia asks us to consider a number of other issues, none of which were raised by way of a cross-appeal—he never did give notice of a cross-appeal. We decline to do so. He seeks to enlarge his rights beyond those granted by the district court,[3] and to the extent, if any, that we have authority to waive the notice requirement,[4] we see no justification for so doing in this case.

AFFIRMED.

---

1. *See* Or. Admin. R. § 291–105–0015(2)(g).

2. The Officers hint that they relied upon legal advice, and that should save them. *See, e.g., Dixon v. Wallowa County*, 336 F.3d 1013, 1020 (9th Cir.2003); *Stevens v. Rose*, 298 F.3d 880, 884–85 (9th Cir.2002); *L.A. Police Protective League v. Gates*, 907 F.2d 879, 888 (9th Cir.1990). The short answer is that there is actually no evidence in the record that shows that they did rely upon legal advice regarding Tarabochia.

3. *See El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 479, 119 S.Ct. 1430, 1434–35, 143 L.Ed.2d 635 (1999); *Rivero v. City & County of S.F.*, 316 F.3d 857, 862 (9th Cir. 2002).

4. *See S.M. v. J.K.*, 262 F.3d 914, 923 (9th Cir.2001); *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1298–99 (9th Cir. 1999).

