Michael Alden **EXENDINE**; Patricia Exendine, wife of Michael Exendine, Plaintiffs–Appellants,

v.

**SAMMAMISH CITY OF**; Ronda Litzau, in her capacity as a code enforcement officer for the City of Sammamish, and as an individual; Mark Schwarzwalter, in his capacity as a building code officer for the City of Sammamish, and as an individual; Sue Sherwood, in her capacity as a police officer for the City of Sammamish, and as an individual, Defendants–Appellees.

No. 06–35974.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2008.

Filed April 22, 2008.

John R. Muenster, Esq., Muenster & Koenig, Seattle, WA, John R. Muenster, Esq., for Plaintiffs–Appellants.

Bruce L. Disend, Esq., Kenyon Disend, PLLC, Issaquah, WA, Richard B. Jolley, esq., Keating Bucklin & McCormack Inc., for Defendants–Appellees.

Before: THOMPSON, W. FLETCHER, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Michael Alden and Patricia Exendine brought suit against the City of Sammamish and three of its officers ("the City") after the City barred the Exendines and their infant daughter from entering their residence for approximately one week in March of 2002. The Exendines allege violations of their rights under the Fourth and Fourteenth Amendments and several violations of state law. Specifically, they allege that the order to vacate (1) constituted an illegal seizure of the Exendines and their residence; (2) deprived the Exendines of their property without due process of law; (3) damaged their husband-wife relationship, in violation of the Due Process Clause of the Fourteenth Amendment; (4) implicated municipal liability under 42 U.S.C. § 1983; and (5) constituted "intentional, reckless and/or negligent" infliction of emotional distress. They also allege trespass to property incident to a second search. The district court declined to exercise supplemental jurisdiction over two additional state-law claims, and the Exendines do not appeal that part of the district court's decision. They have also abandoned their First Amendment claim.

"We review de novo the district court's grant of summary judgment and, viewing the evidence in the light most favorable to the non-moving party, determine whether there are any genuine issues of material fact for trial." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir.2008).

 The Exendines have failed to raise any genuine issue of material fact with respect to their Fourth Amendment claims. The Exendines do not challenge here the validity of the search warrant authorizing the search of the residence and the seizure of evidence of code violations. The Exendines also do not dispute that the search revealed various structural code violations. *See, e.g.,* Unif. Housing Code §§ 1001.2.13, 1001.3.2, 1001.3.6, 1001.5, 1001.8.4 (1997). The Exendines concede that the City acted pursuant to state and local law. *See* Wash. Rev.Code § 35.80.030(1)(c), (6)-(7); Sammamish, Wash., Ordinance 099–30, §§ 2, 3(G), 7(B) (Sept. 8, 1999); Sammamish, Wash., Ordinance 099–15, §§ 3, 29 (Aug. 31, 1999);

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Unif. Bldg. Code §§ 102, 103, 104.2.1, 104.2.5 (1997); Unif. Housing Code §§ 201.1, 1001.1, 1101.2.3.2, 1101.3.2, 1103.2; *cf. Soldal v. Cook County,* 506 U.S. 56, 58–59, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992); *Armendariz v. Penman,* 75 F.3d 1311, 1320 (9th Cir.1996), *recognized as abrogated on other grounds by Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.,* 509 F.3d 1020, 1025 (9th Cir.2007). They do not challenge the constitutionality of those laws. No reasonable juror could conclude that the City executed the order to vacate in an unreasonable manner. *See United States v. Place,* 462 U.S. 696, 703, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); *United States v. Alverez–Tejeda,* 491 F.3d 1013, 1016 (9th Cir.2007).

■ The Exendines have failed to raise any genuine issue of material fact with respect to their procedural due process claim. The City's actions were supported by a court order. The Exendines were not entitled to a pre-deprivation hearing. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.,* 452 U.S. 264, 299–300, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981); *see also* Wash. Rev.Code § 35.80.030. The indemnification agreement suggests nothing to the contrary. *Cf. Hodel,* 452 U.S. at 302 n. 46, 101 S.Ct. 2352. The post-deprivation procedures were adequate; the Exendines received a full hearing with respect to the code violations and the validity of the search warrant. *See Exendine v. City of Sammamish,* 127 Wash.App. 574, 113 P.3d 494 (2005). There was no reason for those hearings to address separately whether the week-long "eviction" had been valid.

■ The Exendines have failed to raise any genuine issue of material fact with respect to their substantive due process claim. Although this claim is no longer subject to a "blanket prohibition," *see Action Apartment Ass'n, Inc.,* 509 F.3d at 1025, we affirm the district court on the ground that the Exendines had no cogniza-

ble liberty interest that was infringed by the City. *See Reno v. Flores,* 507 U.S. 292, 302, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993); *Curnow v. Ridgecrest Police,* 952 F.2d 321, 323, 325 (9th Cir.1991); *Ovando v. City of Los Angeles,* 92 F.Supp.2d 1011, 1020–21 (C.D.Cal.2000); *see also Salmeron v. United States,* 724 F.2d 1357, 1364 (9th Cir. 1983).

■ Because there was no genuine issue of material fact with respect to any alleged constitutional violation, the district court properly dismissed the municipal liability claim.

■ The Exendines have failed to raise any genuine issue of material fact supporting their claim for "intentional, reckless and/or negligent" infliction of emotional distress. They have failed to present any evidence indicating that the City's behavior was "extreme and outrageous" or went "beyond all possible bounds of decency." *See Dicomes v. State,* 113 Wash.2d 612, 782 P.2d 1002, 1012 (1989) (en banc) (internal quotation marks omitted); *Grimsby v. Samson,* 85 Wash.2d 52, 530 P.2d 291, 295 (1975) (en banc) (internal quotation marks omitted; emphasis removed). Because the City and its officers acted both lawfully and reasonably, there is no genuine issue of material fact regarding whether the City or its officers exercised ordinary care. *See Colbert v. Moomba Sports, Inc.,* 132 Wash.App. 916, 135 P.3d 485, 490 (2006); *Mathis v. Ammons,* 84 Wash.App. 411, 928 P.2d 431, 433–34 (1997).

The Exendines have failed to present any evidence that any of the named defendants participated in the second search, and they have also failed to present any evidence that the City directed or approved that search. Therefore, the district court properly dismissed the trespass claim.

For the foregoing reasons, viewing the evidence in the light most favorable to the Exendines, there is no genuine issue of material fact that should go to trial. We therefore **AFFIRM** the judgment of the district court.

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.