**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 15 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAYMOND NICHOLS; DANIEL
NICHOLS,

No. 15-55938

Plaintiffs-Appellants,

D.C. No. 5:14-cv-00364-DTB

v.

DANIEL MACIAS; MICHAEL FOSTER,

MEMORANDUM[*]

Defendants-Appellees.

Appeal from the United States District Court
for the District of Arizona
David T. Bristow, Magistrate Judge, Presiding

Argued and Submitted June 8, 2017
Pasadena, California

Before: BEA and HURWITZ, Circuit Judges, and KOBAYASHI,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

On March 9, 2013, Raymond and Daniel Nichols were arrested for allegedly stealing an air mattress prescribed to their mother, Waly Nichols. The brothers were released from jail the following day, and no charges were filed. This 42 U.S.C. § 1983 action alleges that the arrest by City of Riverside police officers Daniel Macias and Michael Foster violated the Fourth Amendment. The district court granted summary judgment to the officers. We have jurisdiction over the brothers' appeal under 28 U.S.C. § 1291. We vacate the summary judgment and remand for further proceedings on the issue of qualified immunity.

1. We review the summary judgment on the brothers' Fourth Amendment claim for unlawful arrest de novo.[1] *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011). "An officer has probable cause to make a warrantless arrest when the facts and circumstances within his knowledge are sufficient for a reasonably prudent person to believe that the suspect has committed a crime." *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1076 (9th Cir. 2011). "The analysis involves both facts and law. The facts are those that were known to the officer at the time of the arrest. The law is the criminal statute to which those facts apply." *Id.* While "probable cause does not require the same type of specific evidence of each

_____

[1] Raymond and Daniel alleged both an unlawful arrest and an unlawful search, but their brief on appeal only challenges the district court's summary judgment on their unlawful arrest claim. "[W]e will not consider any claims that were not

element of the offense as would be needed to support a conviction," if "specific intent is a required element of the offense, the arresting officer must have probable cause for that element in order to reasonably believe that a crime has occurred." *Rodis v. City & Cty. of San Francisco*, 558 F.3d 964, 969 (9th Cir. 2009) (citations and internal quotation marks omitted, alteration incorporated).

In California, grand theft requires the specific intent to permanently deprive the owner of the use of property, *Castillo-Cruz v. Holder*, 581 F.3d 1154, 1160 (9th Cir. 2009), or "an intent to take the property for so extended a period as to deprive the owner of a major portion of its value or enjoyment," *People v. Avery*, 38 P.3d 1, 4 (Cal. 2002). In light of this legal standard, the undisputed facts do not establish probable cause to believe that Raymond and Daniel had the requisite intent to commit grand theft. At most, the record shows some confusion about whether the brothers were entitled to move the rented mattress to Ms. Nichols's house after her discharge from the rehabilitation center, or whether the rental company instead intended to deliver a substitute mattress to the residence. Although a rehabilitation center nurse stated that the rental company intended to deliver a new mattress to the home and the brothers were not authorized to remove the mattress from the center, Daniel returned to the rehabilitation center with the

---

actually argued in appellant's opening brief." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

mattress and the rental agreement, and explained that they had the rental company's permission to remove the mattress. There was not sufficient evidence to conclude that the officers had probable cause to arrest Raymond and Daniel. *See, e.g.*, *Reed v. Lieurance*, No. 15-35018, 2017 WL 3122770, at *7 (9th Cir. July 24, 2017) ("The district court improperly weighed evidence favorable to [the plaintiff] against other evidence presented and failed to draw all reasonable inferences in [the plaintiff's] favor. Construing the facts in [the plaintiff's] favor, we cannot conclude that as a matter of law, a reasonably prudent officer in [the same] situation would have had probable cause to believe [the plaintiff] committed [grand theft]." (citation and internal quotation marks omitted, alterations incorporated)). At most, there was a dispute about what the rental contract allowed. *See Allen v. City of Portland*, 73 F.3d 232, 237-38 (9th Cir. 1995).[2]

2. "In determining whether an officer is entitled to qualified immunity, we consider (1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct." *C.V. ex rel. Villegas v. City of Anaheim*, 823 F.3d 1252, 1255 (9th Cir. 2016) (internal quotation marks omitted). The district court premised its

---

[2] The rental agreement states that equipment may not be removed "to a location other than the customer's address or residence as noted on this invoice" without the rental company's "explicit approval." This language does not make plain that the

finding of qualified immunity on its conclusion that the officers had probable cause to arrest Raymond and Daniel, and did not consider the second prong of the required analysis. We therefore vacate the grant of summary judgment on qualified immunity grounds and remand for further proceedings on whether, under the facts of this case, the officers reasonably believed there was probable cause for the arrests. *Rosenbaum*, 663 F.3d at 1076.

**VACATED AND REMANDED.**

---

brothers were not permitted to transport the mattress to their mother's home. Moreover, Raymond claimed he had approval to do so.

*Nichols v. Macias*, No. 15-55938

BEA, Circuit Judge, dissenting:

In my view, the officers had probable cause to believe that Raymond and Daniel intended to steal the mattress. A nurse told the officers that the brothers had taken the mattress without waiting for her to confirm that they had the rental company's permission to do so. Moreover, the rental agreement—which Daniel declared he showed to the officers—stated that "[the] customer shall not, in any way, attempt to transfer [the] equipment to a location other than the customer's address or residence as noted on this invoice without [the] explicit approval of [the rental company]." The address noted on the invoice for Waly Nichols was the address of the rehabilitation center where she had been staying; thus, the terms of the rental agreement prohibited removing the mattress from that location. Taken together, these facts were "sufficient for a reasonably prudent person to believe that [the brothers] ha[d] committed a crime," *Reed v. Lieurance*, --- F.3d ----, No. 15-35018, 2017 WL 3122770, at *5 (9th Cir. July 24, 2017) (citation omitted), to wit: taking the $2,000 mattress without the required "explicit approval" of the owner, in violation of the written lease agreement, and not taking any steps to prove such "explicit approval."

True, Raymond and Daniel told the officers that they had the rental company's permission to take the mattress. But given that the nurse had told the

officers that she hadn't yet got that approval and that a second mattress was being delivered to Waly's house that day, the officers reasonably could have found the brothers' story to be not credible. Likewise, the fact that Daniel returned with the mattress after he learned that Raymond had been arrested has no bearing on whether the brothers had the specific intent to steal the mattress at the time of the alleged theft. A thief's decision to return stolen property does not negate his prior intent to steal.

I would affirm the district court's grant of summary judgment for the officers.