IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35461-0-III |
| | ) | |
| Respondent. | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| NICHOLAS TAYLOR, | ) | |
| | ) | |
| Petitioner. | ) | |

LAWRENCE-BERREY, C.J. — We are asked whether the City of Spokane's (City)

adoption of RCW 46.61.502, driving under the influence (DUI), deprived the Spokane

County District Court of jurisdiction over DUIs committed within the City. We hold that

it did not. We affirm Nicholas Taylor's DUI conviction.

FACTS

A trooper with the Washington State Patrol stopped Mr. Taylor for suspected DUI.

The stop occurred within the city limits of Spokane. Mr. Taylor failed various tests, and

the trooper arrested and cited him for violating RCW 46.61.502.

The State charged Mr. Taylor in Spokane County District Court for violating

RCW 46.61.502. The jury found Mr. Taylor guilty of DUI, and the district court judge

entered a judgment of conviction. Mr. Taylor appealed his conviction to Spokane County

Superior Court.

There, Mr. Taylor argued that the Spokane County District Court lacked subject

matter jurisdiction over his DUI case. His argument was predicated on the City enacting

Spokane Municipal Code § 16A.02.010, which adopted Title 308-330 WAC—the

Washington Model Traffic Ordinance (WMTO). Title 308-330 WAC adopts various

state statutes, including RCW 46.61.502. Mr. Taylor argued that the City's adoption of

RCW 46.61.502 vested its municipal court with exclusive jurisdiction over all DUIs

committed within the City's boundaries. The superior court rejected his argument and

affirmed his conviction.

Mr. Taylor sought discretionary review. We were persuaded that the issue was one

of first impression and granted his request. A panel of this court considered the issue

without oral argument.

## ANALYSIS

Mr. Taylor challenges the subject matter jurisdiction of the Spokane County

District Court. A party may challenge the trial court's subject matter jurisdiction for the

first time at any point in a proceeding, even on appeal. *Cole v. Harveyland, LLC*, 163

Wn. App. 199, 205, 258 P.3d 70 (2011). Whether a trial court had jurisdiction is a

question of law that we review de novo. *City of Spokane v. Spokane County*, 158 Wn.2d 661, 681, 146 P.3d 893 (2006).

The meaning of a statute is also a question of law that we review de novo. *Id*. at 672. The primary goal of statutory construction is to discern and implement the legislature's intent. *Id*. at 673.

> Where the meaning of statutory language is plain on its face, we must give effect to that plain meaning as an expression of legislative intent. In discerning the plain meaning of a provision, we consider the entire statute in which the provision is found, as well as related statutes or other provisions in the same act that disclose legislative intent.

*Id*. (citation omitted).

Under the Washington Constitution, the legislature has the sole authority to prescribe the jurisdiction and powers of district and municipal courts. WASH. CONST. art. IV, § 12; *Exendine v. City of Sammamish*, 127 Wn. App. 574, 580, 113 P.3d 494 (2005).

The legislature has given the district courts jurisdiction "[c]oncurrent with the superior court[s] of all misdemeanors and gross misdemeanors committed in their respective counties and of all violations of city ordinances." RCW 3.66.060. If a city has created a municipal court, violations of city ordinances must be prosecuted exclusively in the municipal court. RCW 3.50.020; *see also City of Spokane*, 158 Wn.2d at 683

3

(ordering open cases involving municipal code violations to be transferred from the district court to the newly created municipal court).

Municipal courts "have . . . exclusive original criminal jurisdiction of all violations of *city ordinances* duly adopted by the city . . . ." RCW 3.50.020 (emphasis added). When a court has exclusive original jurisdiction, the relevant action must be filed in that court. *City of Spokane*, 158 Wn.2d at 682 (quoting *Ledgerwood v. Lansdowne*, 120 Wn. App. 414, 420, 85 P.3d 950 (2004)).

Mr. Taylor argues that the City's adoption of RCW 46.61.502 precludes Spokane County from exercising jurisdiction over DUIs occurring within the City's boundaries. We disagree.

The State charged Mr. Taylor with a gross misdemeanor in violation of RCW 46.61.502. As noted previously, the legislature gave district courts concurrent jurisdiction with superior courts of all misdemeanor and gross misdemeanor violations occurring within their respective counties. It is undisputed that Mr. Taylor committed his DUI in Spokane County.

Mr. Taylor fails to cite to a statute that would deprive the district court of its jurisdiction in this matter. At best, he cites to RCW 3.50.020, which gives municipal courts exclusive criminal jurisdiction over all violations of *city ordinances*.

4

RCW 46.61.502 is not a city ordinance. Nor did RCW 46.61.502 become a city ordinance by virtue of the City adopting it.

Mr. Taylor argues that allowing law enforcement to cite a criminal law violation as a state law or a municipal law violation gives law enforcement too much discretion and threatens the viability of municipal courts. We disagree.

Washington State Patrol troopers are authorized to enforce state laws. RCW 43.43.030. They are not permitted to enforce local laws. 1957 Op. Att'y Gen. No. 115, 1957 WL 54007. County sheriffs and their deputies are authorized to enforce state laws within their respective counties. Such authorization applies equally to incorporated areas as to unincorporated areas within the county. 1990 Op. Att'y Gen. No. 4, 1990 WL 505770. State and county law enforcement will therefore forward their citations to county prosecutors.

On the other hand, cities may only prosecute violations of their own ordinances. RCW 3.50.430; *see also City of Auburn v. Gauntt*, 174 Wn.2d 321, 325, 274 P.3d 1033 (2012). And any city that refuses to enforce its own criminal ordinances and refers comparable state criminal law violations to counties will be required to reimburse the county. *Whatcom County v. City of Bellingham*, 128 Wn.2d 537, 549, 909 P.2d 1303 (1996). To avoid the required reimbursement, city officers will always cite an offender

under the city code, rather than the state statute, and forward their citations to city prosecutors. The orderly referral of prosecutions to the appropriate authorities will not be evaded by our holding.

We conclude that the Spokane County District Court had subject matter jurisdiction over DUI offenses committed within the City, notwithstanding that the City enacted an ordinance that adopted the DUI statute.

Affirmed.

_Lawrence-Berrey, C.J._
Lawrence-Berrey, C.J.

WE CONCUR:

_Siddoway, J._
Siddoway, J.

_Fearing, J._
Fearing, J.

6