**NOT FOR PUBLICATION**

# FILED



## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMOND NICHOLS; DANIEL NICHOLS, | No. 18-55135 |
| Plaintiffs-Appellees, | D.C. No. 5:14-cv-00364-JGB-SP |
| v. | |
| CITY OF RIVERSIDE; DANIEL MACIAS; MICHAEL FOSTER, | MEMORANDUM[*] |
| Defendants-Appellants, | |
| and | |
| STEPHANIE WYSINGER; COMMUNITY CARE RAHAB CENTER, LLC, a California Limited Liability Company, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted August 15, 2019
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SCHROEDER and GRABER, Circuit Judges, and LEFKOW,[**] District Judge.

Defendants, City of Riverside police officers Daniel Macias and Michael Foster, appeal the district court's order denying summary judgment on qualified immunity. Plaintiffs Raymond and Daniel Nichols were arrested for allegedly stealing an air mattress that they had rented on behalf of their mother. They were released from jail the following day, and no charges were filed. We previously held that these officers lacked probable cause to arrest the brothers. *Nichols v. Macias*, 695 F. App'x 291, 292–93 (9th Cir. 2017) (unpublished decision). The only issue here is whether it was reasonable for Defendants to believe that there was probable cause so as to receive immunity from Plaintiffs' claims. *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1078 (9th Cir. 2011) (per curiam).

We have held that the existence of a dispute over the amount of a bill or the right to possess are civil in nature and ordinarily do not give rise to probable cause to arrest. *Stevens v. Rose*, 298 F.3d 880, 883–84 (9th Cir. 2002); *Allen v. City of Portland*, 73 F.3d 232, 237 (9th Cir. 1996); *Kennedy v. L.A. Police Dep't*, 901 F.2d 702, 706 (9th Cir.1990), *overruled on other grounds by Act Up!/Portland v. Bagley*, 988 F.2d 868, 872–73 (9th Cir.1993). This was such a dispute. As noted,

---

[**] The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

the officers lacked probable cause. Raymond and Daniel told the police officers that they had rented the mattress, and they produced the rental receipt and agreement for the officers' review. The only dispute was whether the brothers could move that mattress before delivery of a new one. The district court therefore properly held that Defendants were not entitled to immunity because the law was clearly established at the time of Plaintiffs' arrest in 2013.

**AFFIRMED**.